UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIQUE RASHAAD STEWART,

    Plaintiff,

v.

CASE NO. 4:23-CV-12965
HONORABLE F. KAY BEHM

POPLAWSKI, *et al*.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Dominique Rashaad Stewart ("Plaintiff"), currently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, contests the medical care that he received while confined at the Macomb Correctional Facility in Lenox Township, Michigan in November, 2022. Specifically, he asserts that he was given a monthly dose of Haldol only 7 or 8 days after a prior dose because the treating nurse failed to document the first dose. He alleges a violation of his Eighth Amendment rights, as well as neglect and medical malpractice. He names Registered Nurse Poplawski, Health Unit Manager E. Parr-Mirza, and the Michigan

1

Department of Corrections ("MDOC") Bureau of Health Care Services as the defendants in this action. He sues Poplawski and Parr-Mirza in their official and individual capacities and sues the MDOC Bureau of Health Care Services in its official capacity. He seeks monetary damages. ECF No. 1. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. ECF No. 5.

## II. LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S.

149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Despite this liberal pleading standard, the Court finds that the complaint is subject to dismissal.

### III. DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons. First, the MDOC Bureau of Health Care Services is not an entity subject to suit under 42 U.S.C. § 1983. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that governmental agencies, such as the MDOC and its subdivisions, are not persons or legal entities subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (ruling that state prison and its "medical staff" are not subject to suit under § 1983); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that government departments and agencies are not persons or legal entities subject to suit under § 1983). Thus, Plaintiff's claims against the MDOC Bureau of Health Care Services must be dismissed.

Second, the claims against defendant Parr-Mirza and the State of Michigan (if the Court construes the claims against the MDOC as claims against the State) are subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff fails to allege facts showing that Parr-Mirza or the State of Michigan are responsible for any perceived constitutional violation. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676 (citing cases); *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-692 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727-728 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff's claims against Parr-Mirza and the State are based upon a theory of respondeat superior because he challenges the care that he received from Poplawski and merely asserts that Parr-Mirza and the State failed to supervise Poplawski. ECF No. 1, PageID.5-6. Claims that a defendant failed to supervise an employee, should be vicariously liable for an employee's conduct, and/or did not sufficiently respond to the situation is insufficient to state a claim under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300

5

(6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff does not allege facts which show that any injury he suffered is the result of any MDOC/State policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or regulate employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

Third, Plaintiff fails to allege facts showing that Poplawski (or any defendant) acted with the requisite intent to state an Eighth Amendment claim. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). When a prisoner receives some medical care but challenges the adequacy of that care, a prisoner must allege facts showing that the care is "so grossly incompetent" or so grossly "inadequate" as to "shock the conscience" or "be intolerable to fundamental fairness." *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021) (citing *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). Accidental harms do not "inflict" "punishment." *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)). "An official must cause the harm with a sufficiently culpable mental

6

state—in this context, criminal recklessness." *Id*. (citing *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013)).

In this case, Plaintiff asserts that Poplawski failed to document his monthly Haldol dose and that he was improperly given a second dose 7 or 8 days later. He then "assumes" that Poplawski was trying to overdose him. ECF No. 1, PageID.6. His allegation that such conduct was intentional or deliberate is speculative and conclusory. It is well-settled that conclusory allegations of unconstitutional conduct are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-557; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-391 (6th Cir. 2009).

Plaintiff's allegations do not indicate that Poplawski (or any defendant) acted with deliberate indifference or provided care that was so grossly incompetent or inadequate as to shock the conscience or be intolerable to fundamental fairness. Rather, his allegations amount to a claim of medical malpractice or negligence. Medical malpractice, however, does not violate the Eighth Amendment, *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017), and allegations of negligence are insufficient to state a claim under § 1983. *Collins v. City of Harker Hgts.*, 503

U.S. 115, 127-128 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994). Allegations of medical malpractice and negligence, while perhaps actionable under Michigan law, do not provide a basis for relief under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States."). Section 1983 does not provide redress for violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Such state law claims are thus dismissed without prejudice to those claims being brought in state court. The Court declines to exercise pendant jurisdiction over them.

Additionally, the Court notes that Plaintiff seeks damages for "pain and suffering," ECF No. 1, PageID.6., he does not indicate with any specificity what injury, if any, he suffered or continues to suffer due to the allegedly improper dose of Haldol. He merely asserts that his life was put in danger and he could have been killed. ECF No. 1, PageID.8. Consequently, he fails to state upon which relief may be granted. *See e.g., Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998) (finding no Eighth Amendment claim where "plaintiff primarily request[ed] monetary relief ... in the form of compensatory and punitive damages" but the complaint contained no allegation of physical injury).

Lastly, Plaintiff's complaint must also be dismissed, in part, based on sovereign immunity. Plaintiff sues the defendants in their official capacities and seeks monetary damages as relief. The Eleventh Amendment, however, bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). To the extent that Plaintiff sues

the State and any MDOC employees in their official capacities, he is not entitled to relief because they are entitled to Eleventh Amendment immunity. Plaintiff's claim for monetary damages against the defendants in their official capacities must be dismissed.

### IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. The Court also concludes that the defendants are entitled to Eleventh Amendment immunity to the extent that they are sued in their official capacities. Accordingly, the Court dismisses with prejudice the civil rights complaint.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

s/F. Kay Behm<br>
F. KAY BEHM<br>
UNITED STATES DISTRICT JUDGE

Dated: January 11, 2024